**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHARON ORR LEICHTENBERG,**

        **Plaintiff,**

**-vs-**                                **Case No.  6:08-cv-1233-Orl-22GJK**

**LA AMISTAD RESIDENTIAL TREATMENT**
**CENTER, INC. a/k/a LA AMISTAD**
**BEHAVIORAL HEALTH SERVICES,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion after being heard on

December 8, 2008:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 16)** |
| **FILED:** | **November 18, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 18, 2008, Plaintiff and Defendant filed a Joint Motion for Approval of

Settlement Agreement ("Motion") requesting the Court to approve Plaintiff's and Defendant's

Mediated Settlement Agreement ("Settlement Agreement") pursuant to the Fair Labor Standards

Act ("FLSA").  Doc. Nos. 16.  The Settlement Agreement provides that the Defendants shall pay

$22,500.00 as full and final settlement for Plaintiff's claims.  Plaintiff will receive $13,500.00 as

compensation for lost wages, and Plaintiff's attorney will receive $9,000.00 for attorney's fees.
*Id.*   Upon review of the proposed Settlement Agreement, the Court noted a large discrepancy
between the lost wages claimed by Plaintiff and the amount of the settlement.   Thus, on
December 8, 2008, a hearing was held on the Motion. Doc. No. 19.   The parties represented to
the Court that such discrepancy resulted from Defendant's affirmative defense that the Defendant
is exempted from the Fair Labor Standards Act.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d
1350, 1353 (11th Cir. 1982) judicial review and approval of this Offer of Judgment is necessary
to give it final and binding effect.   As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under
> the FLSA can be settled or compromised by employees.   First,
> under section 216(c), the Secretary of Labor is authorized to
> supervise payment to employees of unpaid wages owed to them. . .
> .   The only other route for compromise of FLSA claims is provided
> in the context of suits brought directly by employees against their
> employer under section 216(b) to recover back wages for FLSA
> violations.   When employees bring a private action for back wages
> under the FLSA, and present to the district court a proposed
> settlement, the district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness.

*Id*. at 1352-53.   Before approving an FLSA settlement, the court must scrutinize it to determine if
it is "a fair and reasonable resolution of a bona fide dispute."   *Id*. at 1354-55.   If the settlement
reflects a reasonable compromise over issues that are actually in dispute, the Court may approve
the settlement "in order to promote the policy of encouraging settlement of litigation."   *Id* at
1354.

In determining whether a settlement is fair and reasonable, the Court should consider the
following factors:

1)      the existence of collusion behind the settlement;
2)      the complexity, expense, and likely duration of the litigation;
3)      the state of the proceedings and the amount of discovery completed;
4)      the probability of plaintiff's success on the merits;
5)      the range of possible recover; and
6)      the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor

of finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

The Court has reviewed the Settlement Agreement as required by *Lynn's Food Stores,*

*Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds it to

be a fair and reasonable resolution of a bona fide dispute.  The case involved disputed issues of

FLSA coverage, which constitutes a bona fide dispute.  Each party was represented by

independent counsel, who was obligated to vigorously represent his or her client.  The Court

finds the Settlement Agreement in exchange for Plaintiff's release of claims and dismissal of the

action with prejudice to be fair and reasonable.

**IT IS RECOMMENDED THAT**:

1.      The Court grant Defendants' Motion only to the extent that it is a fair and

reasonable resolution of a bona fide dispute; and

2.      The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations

contained in this report within ten (10) days from the date of its filing shall bar an aggrieved

party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 5, 2009.

Copies furnished to:
The Honorable Anne C. Conway

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE